1
2
3
4
5
6
7
8
9
10
11
12
13                      IN THE UNITED STATES DISTRICT COURT
14                         FOR THE DISTRICT OF OREGON
15   In re                                           O R D E R
                                              Civ. No. 09-1396-AA
16   ROMAN CATHOLIC ARCHBISHOP      Bankruptcy Case No. 04-37154-elp11
     OF PORTLAND IN OREGON, AND
17   SUCCESSORS, A CORPORATION
     SOLE, dba the ARCHDIOCESE
18   OF PORTLAND IN OREGON,

19            Debtor.

20   _____

21   AIKEN, Chief Judge:

22        This  case  presents  two  issues.[1]   First,  is  whether  the

23   Bankruptcy Court erred in determining that the January 14, 2005

24   Protective  Order  should  be  lifted  as  to  records  relating  to

25   Fathers M and D, including deposition transcripts and exhibits

26   identifying Fathers M and D.  The second issue is whether the

27   _____

28   [1] This court has jurisdiction pursuant to 28 U.S.C. section
     158(a)(1), which confers a district court with jurisdiction to hear
     appeals from final orders of bankruptcy judges.

     1 - ORDER

Bankruptcy Court erred in finding that Various Tort Claimants' ("Appellees") interest in having Fathers M and D's records released into the public domain outweighed their privacy interests in those records. I find no error by the Bankruptcy Court and therefore affirm the Bankruptcy Court's Order.

<u>DISCUSSION</u>

This case was originally filed on July 6, 2004. The background and history of this matter is well known to all parties and participants. It will not be repeated here.

A Protective Order was entered by the Bankruptcy Court that allowed the Archdiocese to designate as "confidential" documents produced pursuant to the Bankruptcy Court's "Order Regarding Premediation Discovery by Tort Claimants," that required the Archdiocese to produce to tort claimants the personnel files of accused clergy and depositions of key Archdiocese officials.[2] Documents subject to the Protective Order were filed under seal in the bankruptcy case including documents pertaining to Father M and Father D. In December 2006, the bankruptcy case and most of the tort claims were settled. The terms of the settlement, however, did not include the release of documents by the Archdiocese. Therefore, on February 13, 2007, Tort Claimants' counsel invoked paragraph 7 of the Protective Order and notified the Archdiocese that all personnel records from all clergy files would be released.[3] On February 26, 2007, the Archdiocese and

---

[2] Those Orders were entered on January 14, 2005, Docket #797, #799.

[3] Paragraph 7 of the Protective Order provides:
In the event that tort claimants wish to remove from the restrictions of this order any document designated

nine priests filed motions to prevent the release of the records. The parties then reached an agreement to undergo a mediation/arbitration process for releasing documents with Judge Hogan serving as the binding arbitrator. The motions filed by the Archdiocese and priests were later declared moot by the Bankruptcy Court. A breakdown in the mediation process occurred after the Archdiocese released only some of the documents at issue. In February 2008, the Tort Claimants ultimately filed a Motion to Unseal Docket Nos. 4765 and 4766. After extensive briefing and several hearings, the Bankruptcy Court reviewed each of the thousands of pages of documents proposed for release or unsealing. The Bankruptcy Court then issued a thorough, well reasoned and well supported 37-page Opinion authorizing the release of many of the identified documents and the unsealing of much of Docket Nos. 4765 and 4766, subject to specified redactions. See Excerpt of Record ("ER") 9. Among the documents authorized for unsealing and/or release were some pertaining to allegations that Father M and Father D had sexually abused minors while serving in ministries of the Archdiocese. Specifically regarding the Father M and Father D documents, the Court noted:

> the documents counsel seeks to release show that
> there were credible allegations of abuse made.
> In the case of Fr. M, the allegations were brought
> to the attention of the district attorney, who did

> as "Confidential" by Debtor pursuant to this order,
> tort claimants shall provide prior written notice to
> Debtor's counsel and counsel for the priest whose
> file is at issue, if any. Counsel shall have seven
> (7) days to file a motion with the court seeking an
> order preventing the disclosure of such document.
> The document or documents shall remain subject to this
> order unless the court rules otherwise following the
> filing of counsel's motion.

3 - ORDER

                    not prosecute because of the statute of limitations,
                    not because the allegations lacked credibility.
                    In the case of Fr. D, he admitted the conduct
                    to the Archbishop.  Saying they had no "claims"
                    brought against them is technically correct in
                    the bankruptcy sense, but is misleading because
                    they both had credible allegations of sexual
                    misconduct with minors brought against them.

ER 9, p. 25.

    The Court concluded: "Fr. M's and Fr. D's desire to be
protected from scandal does not demonstrate a clearly defined and
serious injury outweighing the public interest necessary to
establish good cause." Id. at p. 26.

    First, I find that the Bankruptcy Court properly allocated
the burden of maintaining the protection of the disputed
documents subject to the Protective Order to Fathers M and D.
Second, I find that the Court did not abuse its discretion when
finding Fathers M and D failed to met their burden.

    Fed. R. Civ. P. 26(c) places the burden of proof to
demonstrate the need for protection on the party seeking
protection.[4] As the Bankruptcy Court noted, it never made a "good
cause" finding prior to entering the Protective Order.
Therefore, pursuant to Rule 26(c), the burden remains on the
party seeking protection, here the Appellants. See also,
Bromgard v. Montana, 2007 WL 2710379, *6 (D. Mont. 2007)("the
Ninth Circuit has held that where, as here, a non-party seeks
modification of a protective order, the party opposing

---

    [4] Rule 26(c) states: "[a] party or any person from whom discovery
is sought may move for a protective order in the court where the
action is pending - or as an alternative on matters relating to a
deposition, in the court for the district where the deposition will be
taken[.] The court may, for good cause, issue an order to protect a
party or person from annoyance, embarrassment, oppression, or undue
burden or expense[.]"

modification bears the burden of showing 'good cause' for continuing protection")(citing Beckman Industries, Inc. v. International Ins. Co., et al., 966 F.2d 470 (9th Cir.), cert. denied, 506 U.S. 868 (1992)). Here, the parties stipulated to the entry of a broad protective order without making a particularized showing of good cause. Therefore, the Bankruptcy Court did not err in imposing the burden of continuing the protection on the parties seeking it - Appellants here.

The Bankruptcy Court's modification of the protective order is reviewed for abuse of discretion. Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). The Bankruptcy Court individually reviewed every page of the thousands of pages of documents proposed for release and then justified its reasons for authorizing or not authorizing release in a comprehensive and lengthy Opinion. I find no abuse of discretion here.

Finally, I also find the Bankruptcy Court did not abuse its discretion in authorizing the release of the deposition transcripts and accompanying exhibits. The transcripts of the depositions of key Archdiocese officials were not subject to the protective order. ER 9, p. 35. Nevertheless, the Tort Claimants advised the Archdiocese and clergy that the transcripts would be released absent entry of a protective order to provide them with an opportunity to seek protection. None of them did so including Fathers D and M.

## CONCLUSION

The Bankruptcy Court's Order, filed July 13, 2009, lifting the Protective Order at issue, lifting the seal on filed documents, and authorizing the release of deposition transcripts

5 - ORDER

and exhibits, is AFFIRMED (Bankruptcy Appeal #8).    Further,
Appellants Fathers M's and D's request for oral argument (doc.
5818) is denied as unnecessary.

IT IS SO ORDERED.

      Dated this  _2__ day of February 2010.


                                        /s/ Ann Aiken
                                        Ann Aiken
                        United States District Judge

6 - ORDER